FILED
2019 Jun-10 PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BUFORD L. BURKS,** | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 2:19-cv-00450-MHH<br>} |
| **PUBLISHERS CLEARING HOUSE,** *et al*, | }<br>}<br>}<br>} |
| Defendant. | |

## **ORDER**

*Pro se* plaintiff Buford Burks filed this civil action against defendants Publishers Clearing House, G.E. Schmidt, Inc., and Huntington Service Company. (Doc. 1). Mr. Burks attempts to bring a claim of mail fraud under 18 U.S.C. § 1341. (Doc. 1, p. 8). For the reasons described below, the Court dismisses Mr. Burks's claim without prejudice.

The Court granted Mr. Burks's request for leave to proceed *in forma pauperis*. (Doc. 3). When a plaintiff proceeds *in forma pauperis*, a district court must review the plaintiff's complaint and dismiss the complaint *sua sponte* if the plaintiff's claims are frivolous or malicious or fail to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous

if it is without arguable merit either in law or fact." *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010). A district court has discretion to dismiss a complaint when it appears the plaintiff "has little or no chance of success," meaning the complaint on its face leads the court to conclude the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (discussing § 1915(d), now § 1915(e)(2)(B)(i)).

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Langlois v. Traveler's Ins. Co.*, 401 Fed. Appx. 425, 426 (11th Cir. 2010). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not:

> contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citations omitted)). A pleading that contains only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570 (alteration in original) (internal citations omitted)).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas*, 393 Fed. Appx. at 637. *Pro se* plaintiff must provide factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

Mr. Burks alleges mail fraud under 18 U.S.C. § 1341. (Doc. 1, p. 8). Section 1341 is a federal criminal statute that does not provide a private right of action. *See, e.g.*, *Andrews v. Heaton*. 483 F.3d 1070, 1076 (10th Cir. 2007); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999; *Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 533 (9th Cir. 1987); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1177-79 (6th Cir.1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir.1977). Therefore, Mr. Burks has not stated a claim for relief under federal law.

The Court will serve a copy of this order on the United States Attorney for the Northern District of Alabama to alert the attorney to this potential scam. Mr.

Burks may also contact local law enforcement or his local district attorney to report the alleged scam.

**DONE** and **ORDERED** this June 10, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE